Joyce SHARTRAN and Mary J. Johnson, Plaintiffs–Appellants,

v.

Karen BEYE in her official capacity as acting director and the Colorado Department of Human Services, Defendant–Appellee.

No. 94CA1459.

Colorado Court of Appeals, Div. II.

Aug. 24, 1995.

Legal Aid Society of Metropolitan Denver, Peter Komlos–Hrobsky, Rene Rosechild, Denver, for plaintiff-appellant Mary J. Johnson.

Pikes Peak Legal Services, Catherine N. Snow, Colorado Springs, for plaintiff-appellant Joyce Shartran.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Joanna L. Wilkerson, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge CASEBOLT.

Plaintiffs, Mary J. Johnson and Joyce Shartran, appeal the judgment of the trial court upholding a Colorado Department of Human Services (Department) order which discontinued a monetary credit previously applied to a calculation of their Old Age Pension (OAP) benefits. On appeal, plaintiffs argue: (1) that denial of the monthly monetary credit (called a "$20 disregard") violates federal regulations which require OAP benefits to be calculated in the same manner as Supplemental Security Income (SSI) benefits and (2) that the interpretation given the regulation by the Department denies them equal protection of the law. We agree with plaintiffs' first contention and, accordingly, reverse and remand for recalculation of the benefits due each plaintiff.

■ Under the regulatory framework, OAP benefits are granted through a state-funded program, mandated by Colo. Const. art. XXIV and administered by the Department, which provides financial assistance to aged individuals. Benefits are awarded to individuals based on need. *See Jeffrey v. Department of Social Services,* 198 Colo. 265, 599 P.2d 874 (1979).

■ The amount of OAP awarded to an individual is determined in a complicated manner. Initially, the Department sets an income level, called a "standard of need," for all persons who are to receive money from the program. The standard of need amount is set forth in the applicable regulations and is the same for all eligible persons. For 1995, the OAP standard of need is set at $514 per month. 9 Code Colo.Reg. 2503–1, § 3.360.44.

The Department then evaluates each eligible individual's income. This evaluation includes a determination of which monies received by the individual are to be counted as income, and which monies are disregarded in this calculation. To the extent a person's income falls below the standard of need, OAP benefits are awarded to make up the difference.

■ The SSI program is a federal benefits program initiated under Title XVI of the Social Security Act of 1972 to ensure a minimum level of income for all elderly, blind, and disabled individuals throughout the United States. 42 U.S.C. § 1381, et seq. (1972). SSI benefits are awarded in a similar manner to OAP benefits. For example, the federal program has determined that the benefit level for SSI recipients in 1995 is $458 per month and ensures that, generally speaking, each individual eligible for SSI receives enough money from SSI to raise his or her income to that amount.

■ When a state has an optional supplemental standard that is higher than the SSI benefit, as is the case in Colorado, the state program must pay the "payment differential," which is the difference between the two standards. 20 C.F.R. § 416.2095(a)(2); 20 C.F.R. § 416.2096(b) & (c) (1993). *See* T. Travers, *Social Security Law & Practice* § 18:179 (1987) (SSI sub-regulations require states to maintain their payments in order to avoid any disadvantage resulting from an individual's conversion to SSI).

■ State supplements to federal SSI payments must comply with federal regulatory

mandates. *Glasgold v. Secretary of Health & Human Services,* 558 F.Supp. 129 (E.D.N.Y.1982). The federal regulations require that state supplemental programs such as OAP calculate income in the same manner as income is determined in calculating SSI benefits. 20 C.F.R. § 416.2025(b). As part of this requirement, the regulations provide:

> [N]o less than the amounts of earned or unearned income which were excluded in determining eligibility for or amount of [an SSI] benefit must be excluded by a State ... for purposes of determining eligibility for or amount of the State supplementary payment.

20 C.F.R. § 416.2025(a).

■ In calculating "income" under both programs, certain categories of income are disregarded. Thus, the amount the OAP program will have to supply in order to raise the recipient's income to the standard of need level is calculated only on the basis of those sources of income which the government designates.

■ There are a variety of income sources disregarded by these programs. The type of income source which is relevant here is the first $20 monthly of "unearned income." 20 C.F.R. § 416.1124(c)(12); 9 Code Colo.Reg. 2503–1, § 3.360.52. For example, Social Security retirement income (SSRI), a category of income which is separate and distinct from SSI, is unearned income which is eligible for the $20 disregard.

However, not all categories of unearned income are eligible for the $20 disregard. Under SSI, unearned income based on need and totally or partially funded by the federal government is not eligible for the disregard. 20 C.F.R. § 416.1124.

■ Colorado likewise has a $20 monthly unearned income disregard as is required by the federal regulations which mandate that state benefits be calculated in the same manner as SSI benefits. 9 Code Colo.Reg. 2503–1, § 3.360.52. However, Department regulations state that individuals receiving SSI do not receive a $20 disregard in the calculation of their OAP benefits. *See* 9 Code Colo.Reg. 2503–1, § 3.360.52.

II.

■ Plaintiffs assert that 9 Code Colo. Reg. 2503–1, § 3.360.52, which denies them the $20 disregard on their SSRI in the calculation of their OAP benefits because they are recipients of SSI, violates the federal requirement that OAP benefits be calculated in the same manner as SSI benefits. We agree.

■ As noted above, SSI regulations do not apply the $20 disregard to unearned income based on need and funded in whole or part by the federal government. SSI benefits are need based unearned income, and thus, if an individual's income consisted only of SSI benefits or those plus other needs-based federal government benefits, it would be consistent with federal regulations for OAP not to apply a $20 disregard in calculating that individual's income.

However, we conclude that the Department has erred in excluding the $20 disregard any time that the individual's income includes, but is not limited to, SSI, because the $20 disregard should still apply to any unearned, non-needs based income.

The plain language of the SSI regulation does not require an exclusion of the $20 disregard simply because the individual also receives some income to which the $20 disregard would not apply. For example, here the plaintiffs both receive SSRI as well as SSI benefits. The SSRI benefits are not need based; if this were the only income received by plaintiffs, the $20 disregard would apply.

■ Still more compelling is the federal requirement that "[n]o less than the amounts of earned or unearned income which were excluded in determining eligibility for or amount of [an SSI] benefit must be excluded by a state" in determining the amount of the state supplementary payment. 20 C.F.R. § 416.2025(a). Applying that regulation here, we conclude that, because the SSI benefits calculation for plaintiffs included a $20 disregard in determining their SSI benefits, the OAP benefits calculation must also include this $20 disregard. This reading is consistent with the requirement that state supplementary income must be calculated in

a manner which prevents a reduction of benefits simply because an individual is receiving SSI. *See* T. Travers, *Social Security Law and Practice,* § 18:179 (1987).

■ The Department contends that persons who receive SSI should not get the $20 disregard because "it has already been applied" in calculating their SSI benefits. Indeed, the quoted language is included in 9 Code Colo.Reg. 2503–1, § 3.360.5. However, that regulatory language is not controlling. *See Glasgold v. Secretary of Health & Human Services, supra.* Failure also to grant the $20 disregard in calculating whether an applicant meets the standard of need for OAP actually results in a loss of the SSI disregard benefit. This is because OAP adds the entire income of the individuals together (here the entire SSI benefit plus the entire SSRI) to calculate the amount of OAP benefits which must be provided to reach the standard of need.

This results in calculating the income as being $20 higher than it was calculated to be for purposes of SSI, and thus, Colorado pays $20 less than it would if it counted the income in the same manner as it was calculated for purposes of SSI. The benefit of the SSI disregard would therefore be lost for OAP recipients who receive SSI and additional non-needs based unearned income under the Department's regulation. Consequently, that portion of the Department's regulation cannot be applied to plaintiffs and still be consistent with federal requirements.

■ Finally, the fact that the federal government has continued to provide Medicaid benefits while this regulation was in place does not prove that this exclusion is proper under the SSI regulations. The Department does not argue that its regulations have been specifically approved, and there is no evidence in the record to indicate that the Department's unearned income disregard has been evaluated by the federal government.

■ Accordingly, we hold that the portion of the Department's regulation which directs that persons who receive SSI benefits are prohibited from receiving the $20 disregard is invalid as applied to plaintiffs under these circumstances. Because of our disposi-

tion of this issue, we need not reach plaintiff's remaining contention.

The trial court's determination is reversed, and the cause is remanded with directions that the Department be required to apply the $20 disregard to plaintiff's SSRI and to recalculate the benefits due plaintiffs.

CRISWELL and JONES, JJ., concur.